**EXHIBIT A**

Bryan M. Folger, #022867
**FOLGER LAW FIRM**
11811 N. Tatum Blvd., Suite 3031
Phoenix, Arizona 85028
Telephone: (602) 774-0033
Facsimile:  (602) 753-0178
bfolger@folgerlaw.com
docket@folgerlaw.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CALVIN JOHNSTUN and STEPHANIE JOHNSTUN, individually and as husband and wife, and G.J. and J.J., minors, through CALVIN JOHNSTUN, their natural father,<br><br>Plaintiffs.<br><br>v.<br><br>USAA GENERAL INDEMNITY COMPANY ~~USAA CASUALTY INSURANCE COMPANY~~, a Texas corporation, and JOHN and JANE DOES 1-50; and ABC ENTITIES 1-50,<br><br>Defendant. | No.  CV-17-04641-PHX-SPL<br><br>**FIRST AMENDED COMPLAINT**<br><br>*(Assigned to the Honorable Steven P. Logan)* |

Plaintiffs, allege as follows:

1. Plaintiff CALVIN JOHNSTUN was at all relevant times a resident of Maricopa County, Arizona, and continues to reside in Maricopa County.

2. Plaintiff STEPHANIE JOHNSTUN was at all relevant times a resident of Maricopa County, Arizona, and continues to reside in Maricopa County.

3. Plaintiff G.J., a minor, was at all relevant times a resident of Maricopa County, Arizona, and continues to reside in Maricopa County.

4. Plaintiff J.J., a minor, was at all relevant times a resident of Maricopa County, Arizona, and continues to reside in Maricopa County.

5. CALVIN JOHNSTUN and STEPHANIE JOHNSTUN were at all times.

6. CALVIN JOHNSTUN brings this action on behalf of his minor children G.J.

and J.J. (collectively the "Johnstuns").

7. <u>Plaintiffs are citizens of Arizona for federal diversity jurisdiction purposes.</u>

8. <u>USAA GENERAL INDEMNITY COMPANY ("USAA") is a citizen of Texas for federal diversity jurisdiction purposes because USAA is a Texas corporation; USAA's principal place of business is in Texas; and the officers of USAA direct, control, and coordinate the activities of USAA from San Antonio, Texas.</u>

9. <u>Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction over this civil action because Plaintiffs' damages demanded in this matter exceed the $75,000 minimum amount in controversy.</u>

10. ~~Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION ("USAA"), is a corporation organized and existing under the laws of the State of Texas and is duly authorized and does transact insurance business in the State of Arizona.~~

11. ~~The Court has jurisdiction to hear this matter pursuant to Article VI, Section 14, of the Arizona Constitution and A.R.S. § 12-123 in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.~~

12. ~~Venue is proper in Maricopa County, Arizona, pursuant to A.R.S. § 12-401 because Defendant(s) caused events to occur in Maricopa County, Arizona out of which the claims alleged arose.~~

13. Defendants JOHN AND JANE DOES 1-50 AND ABC ENTITIES 1-50 are fictitious individuals and/or business entities whose true identities will be substituted, if necessary, once they are known.

**FACTS**

14. On November 14, 2015 the Johnstuns were involved in an automobile collision at the intersection of 91st Avenue and Peoria Avenue in Peoria, Arizona.

15. Gilbert Escobedo, who caused the accident by running a red light, did not have auto insurance at the time of the accident and has not paid the JOHNSTUNS for their

injuries.

16. As a direct result of the collision, the JOHNSTUNS suffered injuries, which required medical care for which they incurred medical expenses.

## COUNT ONE

### (Breach of Contract)

17. Plaintiffs incorporate and re-allege the preceding paragraphs as if separately stated.

18. At the time of the accident, the JOHNSTUNS were passengers in a vehicle insured under an automobile insurance policy issued by USAA.

19. The owners of the insurance policy are Christopher and Sherri Mills.

20. Under the policy, USAA promised it would pay compensatory damages, which the JOHNSTUNS, as insureds, 3rd party beneficiaries, covered persons, and family members are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodly injury sustained by the JOHNSTUNS in an auto accident up to the amount of $100,000 per person and up to $300,000 per accident.

21. Pursuant to the provisions of the insurance policy, the JOHNSTUNS made a claim to USAA under the uninsured motorist coverage.

22. USAA failed to make good faith offers to the JOHNSTUNS and refused to consider payment for STEPHANIE JOHNSTUN'S future surgery for her labral tear and future pain and suffering, which constitutes a de facto denial of coverage.

23. Upon information and belief, USAA settled Christopher Mills and Sherri Mills' personal injury claims without giving equal consideration to the JOHNSTUN"S claims.

24. USAA exhausted the policy limits to the extent the limits are not adequate to compensate the JOHNSTUNS.

25. USAA failed to tender the policy limits to all the claimants to negotiate a good faith distrubtion of the limits, especially when USAA knew all of the claimants were family members and their legal counsel were working towards an agreeable distribution.

26. USAA's failures constitute a breach of the insurance contract.

27. As a direct and proximate result of USAA's breach of the insurance contract, Plaintiff incurred direct and consequential damages.

## COUNT TWO

### (Bad Faith)

28. Plaintiffs incorporate and re-allege the preceding paragraphs as if separately stated.

29. There is an implied duty of good faith and fair dealing in the insurance policy issued by USAA.

30. The duty of good faith and fair dealing requires an insurance company to give as much consideration to its insured's interests as its own interests when it is investigating, evaluating, and processing the insured's claim.

31. The duty of good faith and fair dealing requires an insurance company to not do anything that prevents an insured from receiving the benefits provided by the insurance contract.

32. The duties are afforded to insureds, 3rd party beneficiaries, covered persons, and family members under USAA's policy.

33. USAA breached its duty of good faith and fair dealing by failing to make good faith offers to the JOHNSTUNS and refusing to consider payment for STEPHANIE JOHNSTUN'S future surgery for her labral tear and future pain and suffering.

34. USAA breached its duty of good faith and fair dealing by settling Christopher Mills and Sherri Mills' personal injury claims without giving equal consideration to the JOHNSTUN"S claims.

35. USAA breached its duty of good faith and fair dealing by exhausting the policy limits to the extent the limits are not adequate to compensate the JOHNSTUNS.

36. USAA breached its duty of good faith and fair dealing by failing to tender the policy limits to all the claimants to negotiate a good faith distrubtion of the limits, especially because USAA knew all of the claimants were family members and their legal counsel were working towards an agreeable distribution.

37. USAA intentionally failed to pay the JOHNSTUNS pursuant to their claim for uninsured benefits under the insurance policy without a reasonable basis and USAA either knew that it had no reasonable basis for that action or recklessly disregarded that it had no reasonable basis for that action.

38. As a direct and proximate result of USAA'S breach of its duty of good faith and fair dealing, the JOHNSTUNS have been damaged in an amount to be determined at trial.

39. The JOHNSTUNS are entitled to punitive damages against USAA.

The JOHNSTUNS pray for judgment against USAA as follows:

1. For an amount to compensate the JOHNSTUNS for the cost of medical and mental health care, past and future;
2. For an amount to compensate the JOHNSTUNS for the physical and mental pain, suffering, loss of enjoyment of life, and other recoverable damages already sustained and will be sustained in the future;
3. For other special damages proven at trial;
4. For other general damages proven at trial;
5. For punitive damages in an amount sufficient to punish the Defendant and to deter similar future conduct by Defendant and other similarly situated insurance companies;
6. Pre-judgment interest;

7. Post-judgment interest at the statutory rate from the entry of judgment until paid;

8. Attorneys' fees, costs, and other expenses under A.R.S. §§12-341 and 12-341.01 and/or allowed by law; and

9. For such other and further relief as the court and jury may appear just and proper.

Plaintiffs respectfully request a trial by jury.

RESPECTFULLY SUBMITTED this 28th day of February, 2018.

FOLGER LAW FIRM


By */s/ Bryan M. Folger*
Bryan M. Folger
11811 N. Tatum Blvd., Suite 3031
Phoenix, Arizona 85028
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February, 2018 I electronically filed the foregoing document to the Clerk's Office using the CM/ECF System for filing. Notice and service of the filing is made to counsel of record by the Court's electronic filing system.

Nathan D. Meyer
**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
Telephone (602) 248-1000
ndm@jaburgwilk.com
*Attorneys for Defendant USAA* General Indemnity Company

/s/ *Bryan M. Folger*